UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

JEFF FITZGERALD
2067 COLONY CT.,
APT. B
BELOIT, WI 53511

v.

TOWN OF BELOIT                                    Case No.:_____
      AN UNICORPORTATED MUNICIPALITY
3000 S BARTELS DR
BELOIT, WI 53511

TOWN OF BELOIT POLICE DEPARTMENT
3000 S BARTELS DR
BELOIT, WI 53511

CHIEF LEANN JONES
      TOWN OF BELOIT POLICE DEPARTMENT
3000 S BARTELS DR
BELOIT, WI 53511

AN UNKNOWN NUMBER OF UNKNOWN NAMED
      OFFICERS OF THE TOWN OF BELOIT
      POLICE DEPARTMENT
3000 S BARTELS DR
BELOIT, WI 53511

CITY OF BELOIT
      AN INCORPORATED MUNICIPALITY
100 STATE ST – FOURTH FLOOR
BELOIT, WI 53511

CITY OF BELOIT POLICE DEPARTMENT
100 STATE ST – FIRST FLOOR
BELOIT, WI 53511

CHIEF THOMAS STIGLER
      CITY OF BELOIT POLICE DEPARTMENT
100 STATE ST – FIRST FLOOR
BELOIT, WI 53511

AN UNKNOWN NUMBER OF UNKNOWN NAMED
      OFFICERS OF THE CITY OF BELOIT POLICE
      DEPARTMENT
100 STATE ST – FIRST FLOOR
BELOIT, WI 53511

1

COUNTY OF ROCK, WISCONSIN
        A BODY CORPORATE
51 S MAIN ST
JANESVILLE, WI 53545

ROCK COUNTY SHERIFF'S OFFICE
200 W HWY 14
JANESVILLE, WI 53545

SHERIFF CURT FELL
        ROCK COUNTY SHERIFF'S OFFICE
200 W HWY 14
JANESVILLE, WI 53545

AN UNKNOWN NUMBER OF UNKNOWN NAMED
        DEPUTIES OF THE ROCK COUNTY
        SHERIFF'S OFFICE
200 W HWY 14
JANESVILLE, WI 53545

---

### SUMMARY OF FACTS

1. On or about January 26, 2025, law enforcement officers from Town of Beloit, City of Beloit, and Rock County Sheriff's Department (collectively "law enforcement") entered Mr. Fitzgerald's Property (2175 Hayfield Dr, Beloit, WI 53511) (the "Property") for the purposes of conducting a search.

2. No law enforcement officer obtained a valid warrant to search or enter Mr. Fitzgerald's Property.

3. Law enforcement officers were aware and had knowledge of their responsibility to gain permission prior to entering or searching the Property.

4. After failing to obtain the necessary permission to enter or search the Property, the law enforcement officers entered the Property and conducted a warrantless search of the Property, nonetheless.

5. Mr. Fitzgerald was detained and removed for the Property in the back of a patrol vehicle.

6. At some time later, Mr. Fitzgerald was released from the illegal custody without even so much as an apology.

7. At no time immediately before or during the pendency of this action did Mr. Fitzgerald commit a crime.

8. At no time immediately before or during the pendency of this action did anyone report a crime or disturbance at the residence of Mr. Fitzgerald.

9. The City of Beloit, Town of Beloit, County of Rock, Wisconsin all implemented policies that led to this incident occurring.

10. Chief Thomas Stigler, Chief Leann Jones, and Sheriff Curt Fell all had knowledge of the violations claimed, *infra*, all had policies and procedures in place that permitted officers to engage in the alleged conduct, all knew that the officers routinely engaged in these actions, and all condoned or purposefully ignored the conduct.

## JURY TRIAL

11. Mr. Fitzgerald demands a jury trial.

## PARTIES

12. Mr. Jeff Fitzgerald is an individual residing at 2067 Colony Court, Apt. B, Beloit, WI 53511 in the State of Wisconsin. At all times relevant to the instant case Mr. Fitzgerald resided at 2175 Hayfield Dr., Beloit, WI 53511.

13. City of Beloit is an incorporated municipality located in the County of Rock, State of Wisconsin at 100 State St., Fourth Floor, Beloit, WI 53511.

14. City of Beloit Police Department is located at 100 State St., First Floor, Beloit, WI 53511.

15. Chief Thomas Stiegler is a law enforcement officer employed by City of Beloit Police Department located at 100 State St., First Floor, Beloit, WI 53511.

16. An unknown number of unknown named officers are law enforcement officers employed by the City of Beloit with City of Beloit Police Department located at 100 State St., First Floor, Beloit, WI 53511.

17. Town of Beloit is an unincorporated municipality located in the County of Rock, State of

Wisconsin at 3000 S Bartels Dr., Beloit, WI 53511.

18. Town of Beloit Police Department is located at 3000 S Bartels Dr., Beloit, WI 53511.

19. An unknown number of unknown named officers are law enforcement officers employed by the Town of Beloit with the Town of Beloit Police Department, 3000 S Bartels Dr., Beloit, WI 53511.

20. Chief LeAnn Jones is a law enforcement officer employed by the Town of Beloit with the Town of Beloit Police Department, 3000 S Bartels Dr., Beloit, WI 53511.

21. County of Rock, Wisconsin, is a body corporate, located at 51 S Main St., Janesville, WI 53545 in the State of Wisconsin.

22. Rock County Sheriff's Office is located at 200 W HWY 14, Janesville, WI 53545.

23. Rock County Sheriff Curt Fell is a law enforcement officer employed by Rock County at the Rock County Sheriff's Office located at 200 W HWY 14, Janesville, WI 53545.

24. An unknown number of unknown named deputies are law enforcement officers employed by the Rock County Sheriff's Office located at 200 W HWY 14, Janesville, WI 53545.

## JURISDICTION AND VENUE

25. This court has subject matter jurisdiction under 28 USC § 1331 as the basis for this claim is that of a federal question directly relating to the United States Constitution.

26. This court also has subject matter jurisdiction under 28 USC § 1331 as the basis for this claim is that of federal questions directly relating to 42 USC § 1983.

27. Venue is proper as all parties either reside within or are employed within County of Rock, State of Wisconsin, which is within the district boundaries of this court.

## FACTS

28. On or about January 26, 2025, Mr. Fitzgerald was home alone at the Property while enjoying a football game.

29. Without notice, law enforcement officers crashed through Mr. Fitzgerald's front door.

30. Immediately upon breaking into Mr. Fitzgerald's Property, law enforcement pointed loaded firearms at Mr. Fitzgerald in his own home.

31. Law enforcement officers began screaming at Mr. Fitzgerald while holding him at gunpoint.

32. Law enforcement officers demanded that Mr. Fitzgerald put up his hands.

33. Law enforcement officers then rudely handled Mr. Fitzgerald after dragging him from his own home.

34. After being dragged from his home, Mr. Fitzgerald realized there were innumerable police vehicles parked everywhere on his Property.

35. Law enforcement officers then slammed Mr. Fitzgerald up against his garage door causing pain to his ribs, amongst other areas of his body.

36. Throughout this entire ordeal, Mr. Fitzgerald continuously kept telling law enforcement that they had the wrong house and needed to go to the neighbors' house.

37. Law enforcement then arrested Mr. Fitzgerald by handcuffing him and forcing him into a police vehicle.

38. Law enforcement proceeded to search the entirety of Mr. Fitzgerald's home, without a valid warrant.

39. Law enforcement proceeded to take Mr. Fitzgerald away, in custody, in a police vehicle.

40. Some time later, the police vehicle unlawfully holding Mr. Fitzgerald returns to Mr. Fitzgerald's home where he is uncuffed and released.

41. As a result of law enforcement's unlawful actions, Mr. Fitzgerald suffered severe, debilitating, and all-encompassing emotional distress.

## VIOLATION OF MR. FITZGERALD'S FOURTH AMENDMENT RIGHTS/VIOLATION OF MR. FITZGERALD'S RIGHTS UNDER 28 USC § 1983

42. Law enforcement entered Mr. Fitzgerald's Property without a valid warrant.

43. Law enforcement had no probable cause to enter Mr. Fitzgerald's Property.

44. Law enforcement detained/arrested Mr. Fitzgerald.

45. Law enforcement had no probable cause to effectuate an arrest and/or detention of Mr. Fitzgerald.

46. Law enforcement searched Mr. Fitzgerald's Property.

47. Law enforcement had no probable cause to execute a search of Mr. Fitzgerald's Property.

48. All of the actions by law enforcement were done under color of law.

49. Law enforcement used/misused their authority granted to them by law.[1]

## TRESPASSING

50. Law enforcement entered and/or remained on Mr. Fitzgerald's Property.

51. Mr. Fitzgerald was in legal possession of the Property.

52. Law enforcement's actions were without express or implied consent of Mr. Fitzgerald.

## FALSE ARREST

53. Law enforcement seized/detained/arrested Mr. Fitzgerald.

54. Law enforcement did not have probable cause to arrest Mr. Fitzgerald. No arrest warrant had been issued in this State. No felony arrest warrant had been issued in another State. Mr. Fitzgerald was not committing and did not commit a crime.

55. Law enforcement handcuffed and forced Mr. Fitzgerald into a police vehicle and removed him from his Property.

## FALSE IMPRISONMENT

56. Law enforcement restrained Mr. Fitzgerald.

57. Law enforcements' restraint of Mr. Fitzgerald was unlawful.

58. Law enforcements' unlawful restraint of Mr. Fitzgerald completely deprived Mr. Fitzgerald of his physical liberty.

59. Law enforcement deprived Mr. Fitzgerald of his freedom of movement and compelled him to remain where he was, even though Mr. Fitzgerald did not desire to remain with law enforcement.

---

[1] All paragraphs are reincorporated into all claims against the Defendants.

60. Law enforcement confined and/or restrained Mr. Fitzgerald by acts and/or words.

61. Law enforcement intentionally confined and/or restrained Mr. Fitzgerald.

62. Law enforcement did not have lawful authority to confine and/or restrain Mr. Fitzgerald.

63. Law enforcement confined and/or restrained Mr. Fitzgerald without his consent.

## EXCESSIVE FORCE

64. Law enforcement used unreasonable force against Mr. Fitzgerald.

## EXCESSIVE DETENTION

65. Mr. Fitzgerald was arrested without an arrest warrant.

66. Law enforcement delayed or caused to be delayed the release of Mr. Fitzgerald.

67. The delay was unreasonable.

## STATE-CREATED DANGER

68. Law enforcements' acts created a strong likelihood of harm to Mr. Fitzgerald and/or increased Mr. Fitzgerald's risk of serious harm.

69. Law enforcement was aware of the risk and consciously failed to take reasonable measures to prevent harm to Mr. Fitzgerald.

70. The action of law enforcement was foreseeably likely to lead to injury to Mr. Fitzgerald.

71. Law enforcements' acts caused injury to Mr. Fitzgerald.

## FAILURE OF BYSTANDER OFFICERS TO INTERVENE

### A. TRESPASSING

72. An unknown number of named officers of law enforcement trespassed Mr. Fitzgerald's Property.

73. Law enforcement knew that Mr. Fitzgerald's Property was/was about to be trespassed.

### B. FALSE ARREST

74. An unknown number of named officers of law enforcement falsely arrested Mr. Fitzgerald.

75. Law enforcement knew that Mr. Fitzgerald was/was about to be falsely arrested.

### C. FALSE IMPRISONMENT

76. An unknown number of named officers of law enforcement falsely imprisoned Mr. Fitzgerald.

77. Law enforcement knew that Mr. Fitzgerald was/was about to be falsely imprisoned.

### D. EXCESSIVE FORCE

78. An unknown number of named officers of law enforcement engaged in excessive force of Mr. Fitzgerald.

79. Law enforcement knew that Mr. Fitzgerald was/was about to be the victim of excessive force.

### E. EXCESSIVE DETENTION

80. An unknown number of named officers of law enforcement excessively detained Mr. Fitzgerald.

81. Law enforcement knew that Mr. Fitzgerald was/was about to be excessively detained.

82. Reincorporating paragraphs 70-79 heretofore, law enforcement had a realistic opportunity to do something to prevent harm from occurring.

83. Law enforcements' failure caused Mr. Fitzgerald to suffer harm.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84. Law enforcement engaged in conduct against Mr. Fitzgerald that was intended to cause emotional distress.

85. Law enforcement's conduct was extreme and outrageous.

86. Law enforcement's conduct was a cause of Mr. Fitzgerald's emotional distress.

87. The emotional distress suffered by Mr. Fitzgerald was extreme and disabling.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

88. Law enforcement was negligent with respect to the entire incident on January 26, 2025, involving Mr. Fitzgerald.

89. The incident from January 26, 2025, was a cause of Mr. Fitzgerald's emotional distress.

90. The emotional distress suffered by Mr. Fitzgerald was severe.

REQUEST FOR RELIEF

WHEREFORE, Mr. Fitzgerald requests the following relief:

A.  That this court order a jury trial on all issues appropriately triable;

B.  Compensatory and special damages;

C.  Punitive damages;

D.  Award to Mr. Fitzgerald of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. §1988, or any other applicable law;

E.  Pretrial interest on compensable attorney's fees; and

F.  Such further and different relief as is just and proper or that is necessary to make Mr. Fitzgerald whole.

Dated: March 16, 2025.

THE FITZGERALD LAW FIRM


                /s/ Pete Anderson
Attorneys for Plaintiff
Attorney Pete Anderson SBN 1100059
1517 Huebbe Pkwy, Ste C
Beloit, WI 53511
info@thefitzgeraldlawfirm.com
608.318.3489